STATE OF FLORIDA, ex rel., FRED H. DAVIS, Attorney General of the State of Florida, on behalf of EUGENE L. PEARCE, et al., *Plaintiffs in Error,* v. CITY OF CLEARWATER, a municipal corporation, *Defendant in Error.*

146 So. 836.

Opinion filed March 9, 1933.

*Cary D. Landis, Attorney General,* and *Macfarlane, Pettingill, Macfarlane & Fowler,* for Plaintiffs in Error;

*Jones & White,* for Defendant in Error.

ADAMS, Circuit Judge.—This matter was originally determined in favor of the defendant in error. A re-hearing was, on motion duly made, granted, and the original decision affirmed. This action transpired just four or five days, before the expiration of the 1931 June term of this Court. After the expiration of this term, and a short time after the beginning of the 1932 January term of this Court, to-wit: on February 17th, which was more than a month after the beginning of the term, the Court of its own motion entered an order vacating the judgment which affirmed the original judgment as aforesaid. The defendant in error, by its attorneys, have moved the Court to vacate and set aside its order vacating and setting aside its judgment as aforesaid, and it is urged that the Court is now without power or jurisdiction to consider the cause further, for the reason that the judgment was made and entered during the 1931 June term, and that at the time of making the order complained of, that term expired, and, therefore, the term having expired, and no motion for re-hearing having been filed, the Court had lost jurisdiction of the case, and also the power to act further therein, other than to forward the mandate to the lower court.

At the beginning of my consideration of this involved question, I was strongly of the opinion that the Court had lost its jurisdiction and power to act, for the reason that the term at which the judgment was rendered had expired, and all time for motions for re-hearing had expired, and none had been filed, and the new term had begun. However, it appears that the mandate has never been transmitted to the lower court. After a study of this situation I have concluded that until the mandate is transmitted, even though it may be delayed, that the lower court is without jurisdiction of the cause, and can in no wise act therein, and that under such circumstances the cause remains within the jurisdiction of the appellate court. There can be no twilight zone in jurisdiction nor vacuum in its application. It is either effective full of force or not at all. Therefore, as I see it, there can be no question that the Pinellas County Circuit Court could not act, nor have jurisdiction of the case until the mandate was transmitted, and that not having been done, the jurisdiction of the case remained in the Supreme Court of Florida. For the reasons stated I conclude the Court had authority and jurisdiction to make the order, and that the motion of appellee to vacate and set aside the same should be overruled and denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

DAVIS, C. J., disqualified.

A writ of error to the Circuit Court for Pinellas County, O. L. Dayton, Judge.

*Cary D. Landis, Attorney General,* and *Macfarlane, Pettingill, Macfarlane & Fowler,* for Plaintiffs in Error;

*Jones & White,* for Defendant in Error.

ADAMS, Circuit Judge.—In this cause the judgment of the lower court was affirmed on June 17, 1931. Motion for re-hearing was duly filed and on January 7, 1932, the judgment of this Court as aforesaid was re-affirmed. On February 17th, 1932, the Court *ex mero motu* entered an order granting a further re-hearing. Counsel for the parties presented oral arguments at this hearing, it being contended by appellee that the Court was without jurisdiction to further consider the case, other than order the mandate transmitted to the lower court. This contention was not considered as being well founded for the reason that the Court was of the opinion that the Supreme Court retained full jurisdiction of the cause until the mandate was transmitted to the lower court. That question being disposed of the Court has further considered the case on its merits and it is the opinion of the Court that the judgment rendered herein on June 17, 1931, should be, and the same is hereby re-affirmed.

WHITFIELD, TERRELL and BUFORD, J. J. concur.

BROWN, J., dissents.

DAVIS, C. J., disqualified.

BROWN, J., (Dissenting).—Believing as I do that this Court lost jurisdiction of this case for all purposes, at the end of the June term, 1931, which ended January 11th, 1932, except for the purpose of enforcing its former judgment of June 17, 1931, re-affirmed on re-hearing on January 7th, 1932, by sending down its mandate, which it had become its duty to do, I do not think we have jurisdiction to take any further action, either by way of charging or affirming our former judgment on the merits.

WHITFIELD, J., (Concurring).—The Supreme Court acquires appellate jurisdiction of a cause by the due issuance of a writ of error by the Clerk of the Supreme Court or

by the clerk of the lower court in cases where writs of error are applicable, or by the filing of an entry of appeal in the lower court in cases where an appeal is applicable. The due *recording* of a writ of error or of an entry of appeal in the Circuit Court in civil causes, gives the Supreme Court jurisdiction of the defendants in error or of the appellees, who are duly made parties of the writ of error or entry of appeal. The Supreme Court loses its appellate jurisdiction and the trial court regains its jurisdiction of the cause by the filing of the mandate of the appellate court in the lower court (Brown v. State, 29 Fla. 494, 11 So. 181; Merchants' Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 So. 685; State, ex. rel., v. Robles, filed October 10, 1932); unless the mandate may be legally recalled. Lovett v. State, 29 Fla. 384, 11 So. 176, 16 L. R. A. 313; Chapman v. St. Stephen's P. E. Church, 105 Fla. 683, 138 So. 630; 4 C. J. 208; 3 Cyc. 478. The mandate may be withheld by the appellate court. J. T. & K. W. Ry. Co. v. Adams, 28 Fla. 631, 10 So. 465, 14 L. R. A. 533.

Where on appeal or writ of error, the Supreme Court affirms or reverses a judgment, decree or order, such court does not lose jurisdiction of the cause until the mandate of the Supreme Court is duly remitted to, and received in the office of the clerk of the lower court. If a term of the Supreme Court expires after an appellate cause is adjudicated and before the mandate is duly transmitted to the lower court, the appellate court retains jurisdiction of the cause until its mandate therein is duly filed in the lower court. Appellate causes in which the mandate of the Supreme Court has not been issued are among the causes continued into the next term by the general order of continuance made at the end of each term of the Supreme Court.

Mandates of the Supreme Court do not, except on special order, issue until the time for filing petitions for re-hearing

under the rule has expired, and this is the rule where a term of the Court ends after the judgment or decree on appeal has been adjudicated and before the time for filing petitions for re-hearing in a cause has expired. The issue of mandates is not controlled by the beginning or the ending of a term of the appellate court unless otherwise so provided or ordered. The time allowed by the rule for filing petitions for re-hearing is not affected by the beginning or ending of a term of the appellate court unless so prescribed by law or ordered by the court in due course.

In this case the judgment on writ of error was on re-hearing re-affirmed just before the end of a term of the appellate court. In view of matters presented in other pending similar cases, this Court, *sua sponte,* after the expiration of the term in which the judgment was re-affirmed, directed the Clerk not to issue the mandate in this cause until specially directed to do so. The withholding of the mandate retained jurisdiction of the cause until the mandate of this Court is duly transmitted to the lower court.