STATE, ex rel. FRED H. DAVIS, Att'y Gen'l, et al., v. CITY OF AVON PARK.

151 So. 701.
Division B.
Opinion Filed December 22, 1933.
Extraordinary Petition for Rehearing Denied Dec. 22, 1933.

ON PETITION FOR REHEARING.

BROWN, J.—In this case a judgment was rendered by this Court on June 2, 1933, being during the January Term, 1933, 108 Fla. 641, 149 So. 409, dismissing the cause without prejudice to the parties to institute like proceedings in the Circuit Court for the purpose of determining and having adjudicated the questions involved. The reasons for this judgment were set forth in the opinion rendered on that day. Within the 15 days allowed by the rules of this Court, the relators filed a petition for rehearing; said petition being filed on June 16, 1933, during the June Term of the Court, which term began on Tuesday, June 13th. See Section 4690, Comp. Gen. Laws. This petition for rehearing was

denied. Several months later, but during the same term, on November 6, 1933, the relators filed an extraordinary petition for reinstatement of the cause and for a rehearing. The question arises whether this Court has jurisdiction to entertain such a petition, or to grant the prayer thereof.

The term at which the final judgment of the court was rendered having expired on June 12, 1933, the court only retained jurisdiction to entertain and act upon a petition for rehearing which had to be filed within fifteen days from the date of the final judgment which was rendered on June 2, 1933. If this petition for rehearing which was filed on June 16, 1933, had been granted, this action of the court would have resulted, in effect, in a reinstatement of the cause on the docket during the June Term, being the present term of the court, for such disposition of the cause as the court might deem fit; but the petition for rehearing was denied, and the question arises whether, upon such denial, the cause was terminated and the court's jurisdiction of the cause ended, so that it could not take any further action in the cause which had for its object any modification of or change in the judgment which it had rendered during the preceding January Term.

And if the court did lose jurisdiction when it denied the petition, the further question arises, can the court now reacquire jurisdiction of the cause, which is an original proceeding in *quo warranto* instituted in this Court, by now setting aside or vacating its order made during the present June Term, denying the petition for rehearing.

In the absence of statute, the general rule is that the power of an appellate court over its orders and judgments, like that of courts generally, continues to the end of the term at which the judgment is rendered, and then absolutely terminates. This general rule is modified, in this

State, as to cases in the circuit court, by the statute permitting the court to entertain and act upon a motion for new trial presented within the time required by the statute, and as to cases in the Supreme Court, by the rule permitting the filing of petitions for rehearing within fifteen days.

In Washington v. The State, 92 Fla. 740, 110 So. 259, it was held that this Court, in an appellate case, was without power to recall a mandate regularly issued, and sent down to the lower court without inadvertence, and resume jurisdiction of the cause, after the expiration of the term at which its judgment was rendered and the mandate issued, except for the purpose of correcting clerical errors or mistakes or setting aside a judgment shown for some adequate reason to be absolutely void.

In the case of Chapman v. St. Stephens Protestant Episcopal Church, 138 So. 630, 105 Fla. 683, it was held that, during the same term at which a judgment of this Court is rendered, the Court has jurisdiction and power to reconsider, revise, reform and modify its judgment for the purpose of making the same accord with law and justice, and for that purpose it has the power to recall its mandate to enable it to exercise such jurisdiction to reconsider its own judgment in a proper case; that this Court does not lose jurisdiction over its own judgment before the expiration of the term at which it was rendered even though a mandate based thereon has been issued and lodged in the court whose judgment was appealed from; that it might recall its mandate and resume jurisdiction over its own judgment during the term at which it was rendered.

In the case of State, *ex rel.* Davis, Attorney General v. City of Clearwater, 146 So. 836, this Court held that it could vacate its judgment, rendered on rehearing after the term at which it was entered, where a mandate had not

been transmitted to the lower court. That case involved a case brought to this Court by writ of error. In *this* case, being a case of original jurisdiction, the matter of sending down a mandate is, of course, immaterial, and has no application. In the case just cited, the judgment of the lower court was affirmed by this Court on June 17, 1931, motion for rehearing was filed, and on January 7, 1932, during the same term at which the judgment of affirmance was rendered, the original judgment of this Court was reaffirmed. For some reason or inadvertence, the mandate was not sent down. At the subsequent term, on February 17, 1932, this Court *ex mero motu* entered an order granting a further rehearing. It was contended by appellee that this Court was without jurisdiction to further consider the case, other than order the mandate transmitted to the lower court, but this Court held that it retained full jurisdiction until the mandate to the lower court was transmitted, although the term at which the judgment was rendered had expired. So in that case we held that the jurisdiction of the Court over its judgment was continued into the succeeding term because the mandate had not been transmitted to the lower court. If the rule permitting petitions for rehearing within fifteen days has the same effect on this Court's jurisdiction as does the withholding of the mandate to the lower court in an appellate case, then it follows that, applying the same reasoning to this case, the power of the Court over its judgment rendered in this case during the January Term, 1933, was continued into this, the June Term, by reason of the filing of the petition for rehearing within fifteen days, although the petition for rehearing was filed during the succeeding June Term, and as the action of this Court in denying the petition for rehearing in this case was taken during this, the June Term, 1933, it would therefore follow that if this Court should now set aside and vacate

its order denying the petition for rehearing rendered during this term, its full jurisdiction over the cause would be continued to the full extent that it would have been if such order had never been made, and it could therefore, after setting aside its order denying the rehearing, then grant a full rehearing of the case at bar, and change its judgment rendered during the preceding term.

But it may be fairly contended that there is a difference in its effect upon the jurisdiction of this Court between a case where mandate has been withheld, in appellate proceedings, and a case—of either appellate or original jurisdiction—where a petition for rehearing has been filed within fifteen days from the time the judgment of this Court was rendered. In the above cited case of State, *ex rel.* Davis v. Clearwater, in the opinion written for the Court by Circuit Judge ADAMS, it was said: "After a study of this situation, I have concluded that until the mandate is transmitted, even though it may be delayed, the lower court is without jurisdiction of the cause and can in no wise act therein, and that under such circumstances the cause remains within the jurisdiction of the appellate court. There can be no twilight zone in jurisdiction nor vacuum in its application. It is effective in full force or not at all."

The power and jurisdiction of this Court to consider causes wherein petitions for rehearing have been filed within the time prescribed by the rules may in some respects be likened to the jurisdiction of the circuit court in cases where motions for new trial have been presented within the time prescribed by the statute and held by the court for disposition thereof during vacation, as permitted by Section 4159 C. G. L. We have held that where a motion for a new trial was seasonably made and continued by a special order entered upon the minutes to a day beyond the term when the

verdict was rendered, it can be heard and disposed of by the judge in vacation and upon such disposition a final judgment can be entered by the clerk under the order of the judge; that on the hearing of such a motion, the judge is holding a term of court as to that case, and the entries of the clerk made in obedience to the orders of the court are the entries of the judge himself. McGee v. Ancrum, 33 Fla. 499, 15 So. 231; DeSoto Holding Company v. Boyer, 85 Fla. 517, 97 So. 205; Hazen v. Smith, 101 Fla. 767, 133 So. 813. In Worrell v. Ford, 90 Fla. 971, 107 So. 183, it was held that a trial at law is not concluded, although there be a verdict and judgment, until the motion for a new trial, where one is lawfully interposed, is disposed of; that the term at which the motion for a new trial was heard and denied is "the term of the court at which the verdict was rendered or the trial had" within the meaning of Rule 97 of Circuit Court Practice, which provides that the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed.

It would seem therefore that the case at bar was not finally disposed of until the petition for rehearing, which was filed within fifteen days, was acted upon by this Court. The petition was filed after the term at which our judgment was rendered, but before the expiration of fifteen days, and therefore the filing of the petition under the rule gave this Court jurisdiction to either grant or deny the petition, although such petition and the order made thereon was filed and made during the succeeding term, which is the present term of this Court. This Court denied the petition for rehearing, and several months have elapsed since such order of denial was made, but the term at which such order was made still continues. The question presented is whether

the jurisdiction of this Court absolutely and finally terminated when it made the order denying the petition for rehearing. It was an order made during this pending term, and it would seem that the rule that all orders and judgments of a court made during the term can be modified or vacated before the expiration of the term, would apply. If this rule does apply, we can vacate the order denying the petition for rehearing, thus reinstating the cause, and either reconsider the said original petition for rehearing or entertain and act upon the second petition for rehearing, which has been filed within the past few days, or both. On the other hand, it might be argued that, as the preceding term had ended, at which our judgment in this case was rendered, the effect of the filing of a petition for rehearing under the rule within fifteen days, which petition was filed in the succeeding or present term of the Court, was that the only jurisdiction which was left in this Court was to either grant or deny the petition and that if the petition was denied, that terminated the cause and the jurisdiction of this Court to take any further action therein. This view is supported, to some extent at least, by analogy, by the case of Lanier v. Shayne, 85 Fla. 212, 95 So. 617. In that case, the statute authorizing judges to exercise in vacation any jurisdiction or power they are authorized to exercise in term time, being Section 2531 R. G. S., now Section 4158 C. G. L., was under consideration. In the cited case it was held that "the time during which a court holds a session for the purpose of hearing and deciding any matters in vacation is a term of court for such purposes, and it ends on the expiration of the day on which the final judgment is rendered." It was held in that case that in view of the fact that the judge did not on the day on which his judgment was entered in vacation make any order extending the time for presenting a bill of exceptions, he was without authority

to sign the same thereafter, and motion to strike the bill of exceptions in this Court was granted. However, the decision just discussed was based on a statute permitting action in vacation. There is no question of acting in vacation in this case. Immediately upon the termination of the January Term, 1933, on June 12th, the June Term, 1933, of this Court began on June 13th and still continues at this writing. The rule allowing fifteen days for filing petitions for rehearing, and the filing of the petition within the fifteen days, continued the jurisdiction of this Court into this term as to this case. Undoubtedly, the Court had the jurisdiction to either deny or grant the petition for rehearing. It also has the power, in the opinion of the writer, during the same term, to vacate its order denying the petition for rehearing and reconsider its action on the original petition, or to now consider and take such action as the Court sees fit on the second petition for rehearing recently filed. This conclusion is based upon the generally recognized broad and continuing power and jurisdiction of all courts over all their orders and judgments rendered by them during the term at which they were rendered. As I deem that both the original and second petitions for rehearing present important and meritorious questions, I recommend that we make the following order: "It is therefore ordered that the order of this Court made during this term denying relators' petition for rehearing filed June 16, 1933, be, and the same is, hereby vacated and set aside, and a rehearing granted, or both the original petition for rehearing above referred to and the second petition filed November 13, 1933, and the respective parties allowed the usual time for the filing of briefs on the questions presented by said petitions."

ON EXTRAORDINARY PETITION FOR REHEARING.

PER CURIAM.—The foregoing opinion prepared by Mr. Justice BROWN prior to his absence on account of illness is agreed to by a majority, of this Court as a correct statement of the law applicable to the jurisdiction of this Court to entertain and grant herein the extraordinary petition of relator and corelators for reinstatement of this cause on the docket for the purpose of a further rehearing herein.

But a majority of the Court are of the opinion that conceding the jurisdiction of this Court to be well founded to grant the prayer of the extraordinary petition, that the circumstances of this case and the status of the legislative Acts pertaining to the boundaries of the City of Avon Park, as prescribed by the existing statutes, do not warrant the Court in vacating or otherwise interfering with the opinion and judgment of this Court heretofore filed on June 2, 1933, to which action of this Court the present extraordinary petition is directed.

That extraordinary petition for reinstatement of this cause and for further rehearing is denied, without prejudice to the rights of relator and the corelators to proceed in accordance with the judgment of this Court entered June 2, 1933, dismissing this proceeding without prejudice to the rights of the parties to institute appropriate proceedings in the Circuit Court for the purpose of having finally adjudicated the questions involved in this controversy, both as to law and fact, including those attempted to be set up and presented as grounds for further rehearing on the instant petition which has been denied without prejudice as aforesaid.

Extraordinary petition for rehearing denied without prejudice.

WHITFIELD, TERRELL and BUFORD, J. J., and HUTCHIN-SON, Circuit Judge, concur.

DAVIS, C. J., disqualified.