We give a chronology of the steps in the appeal leading up to the motion now under consideration, as follows:
The opinion of the Court was filed March 29, 1938, affirming the decree of the lower court; April 11, 1938, petition for a rehearing was filed; June 13th, the January term ended and on the following day the June term commenced; June 18th, petition for rehearing was denied and four days later the order denying it was vacated; October 11th, petition for rehearing was again denied, and the following day an extraordinary application for rehearing was lodged; October 13th, the mandate issued; November 25th, a petition was presented for leave to file a motion to recall the mandate and make oral argument; over objection of opposing counsel, on December 6th, an order was entered recalling the mandate and granting a rehearing on the extraordinary petition.
During the proceedings above set out, until the first day of November, 1938, the personnel of the Supreme Court was unchanged, and on that date one member, who had voted on all of the petitions for rehearing, retired from the Court and was succeeded by a new appointee. Subsequent to this substitution, the last petition for rehearing was filed and granted by a vote of three to two, the new appointee not participating. Thus, it will be seen that, the motion carried by a vote of three to two, whereas, prior to that time, petitions for rehearing had been denied twice because a majority of the Court did not concur in voting affirmatively on the applications.
After the extraordinary petition for rehearing was granted and the mandate ordered recalled, a motion was made by opposing counsel to strike from the records the last order *Page 756 
of December 6th because of the circumstances apparent from a study of the above history of the Court's action.
Movants challenge the authority of the Court to grant the petition on vote of three in favor of it and two against, and question the jurisdiction of the Court because the petition for rehearing continued from one term to the next was denied and the mandate issued in the latter term.
Apparently the precise matter has not been decided by this Court before.
The Court loses its jurisdiction to consider an extraordinary petition for rehearing and recall of the mandate where nothing of record appears to carry the matter over until the following term. Allen v. Brevard County Loan Mortgage Co., 118 Fla. 446, 159 South. Rep. 524.
Failure to send the mandate down, where the case was decided "four or five days" before the expiration of the term, was held in State ex rel. Davis v. City of Clearwater, 108 Fla. 635, 146 South. Rep. 836, to continue the jurisdiction of the Court over the cause from one term to the next.
In State ex rel. Davis v. City of Avon Park, 117 Fla. 556, 151 South. Rep. 701, the Court decided that in original proceedings in quo warranto, where petition for rehearing was filed within fifteen days but after the end of the term in which the judgment was rendered, the Court could entertain the cause further, after denying a petition for rehearing in the succeeding term, and vacate the order of denial.
There is no doubt that where a petition for rehearing is filed in one term, as was done in the above case, and the term ends without the application having been adjudicated, the Court may in the new term, dispose of the matter. The question is, whether, if the ruling is adverse to the petitioner and the mandate is sent down, the Court *Page 757 
has the power to entertain a subsequent petition in the same cause.
We believe that having denied the petition for rehearing and the mandate having been issued to the lower court the litigation ended, and there was no justification for entertaining the matter further in the new term.
We are of the opinion, too, that the personnel of the Court having remained the same at the time both petitions for rehearing were denied, the last extraordinary petition for rehearing should not have been granted on the vote of five remaining members of the Court.
At the time of the denial of neither the first nor second application for rehearing was there impending animmediate change of the personnel, although the retirement of one of the members of the Court was in prospect.
In the interest of speeding the work of the Court and finally deciding the disputes of litigants, it is important that a period may be placed somewhere in the process of appeals, and we think that it should have been fixed at the point where the mandate was issued in October. Although the Court should strive to determine by a clear majority the issues presented to it, yet it is none the less important that the litigation between the immediate parties be decided as speedily as practicable, even by a divided opinion setting no precedent for the future assistance of litigants and lawyers. The instant matter has been thoroughly presented and an honest effort has been made to meet both those ends.
There seems to be no sound reason to prolong the controversy. We conclude that the motion to dismiss and set aside the last order entered in said cause on December 6, 1938, granting extraordinary petition for rehearing and recalling the mandate should be vacated and that anything *Page 758 
said by the Court in State ex rel. Davis v. City of Avon Park,supra, to the contrary be overruled.
It is so ordered.
TERRELI., C. J., and THOMAS and CHAPMAN, J. J., concur.
BROWN and BUFORD, J. J., dissent.