This opinion deals with the jurisdictional question raised by the motion filed by the appellees on January 10, 1939, to strike the order of this Court rendered December 6, 1938, recalling the mandate and granting the extraordinary petition for rehearing on the merits, which had been filed on October 12, 1928; also the motions recently filed by appellees, on June 1st and 6th, respectively, asking the Court to desist from reconsideration of the cause; all of said motions of appellees being based upon the theory that this Court had lost jurisdiction of the case when the order of December 6, 1938, was entered, by reason of the fact that the Court had theretofore, on October 11, 1938, denied the petition for rehearing, which had been filed during the preceding (January) term, and the mandate had gone down on October 13, 1938, the contention being that this order of October 11, 1938, irrevocably terminated the jurisdiction of this Court.
The writer was very much impressed by the motion filed by appellees on January 10, 1939, and the arguments of able counsel in support of same, and gave the matter considerable study.
The original judgment of affirmance in this case was rendered on March 29, 1938, during the January term of that year. A petition for rehearing was duly filed which remained undisposed of at the end of that term. The Court entered its usual order continuing and carrying over into the June term of 1938 all pending causes and business before the Court which remained undisposed of. So this case was *Page 750 
carried over into the June term of 1938. Early in that term, on June 18, 1938, the petition for rehearing submitted during the preceding term was denied, but four days later such order of denial was vacated by this Court, thus leaving the petition for rehearing still pending undisposed of. On October 11, 1938, during the same term, the petition for rehearing was again considered and an order entered denying it, and two days later the mandate to the lower court was sent down. On October 12, 1938, an extraordinary petition for rehearing was filed, and a few days later a petition for the recall of the mandate was filed. On December 6, 1938, an order was made recalling the mandate, and granting a rehearing of the case on the merits, upon the second petition for rehearing.
Under the case of State ex rel. Davis v. City of Avon Park,117 Fla. 556, 151 So. 701, there would have been no question about the retention of jurisdiction if the order of December 6, 1938, had contained a clause expressly vacating the previous order of October 11, 1938, but I am inclined to the opinion that in spite of this formal omission, the legal effect of the order of December 6, 1938, was to vacate and nullify the order of October 11, 1938. There is considerable reputable authority in support of the proposition that a former order or judgment of a court may be impliedly vacated by a subsequent order or judgment, entered during the same term, that is clearly inconsistent therewith, or that is clearly inconsistent with the continuance in force and effect of the former order or judgment.
The case of Chapman v. St. Stevens Protestant Episcopal Church. 105 Fla. 683, 136 So. 238, 138 So. 630, 139 So. 188, is strong authority for the proposition that, in spite of the fact that an order or judgment may have been rendered and the mandate sent down to the lower court during the *Page 751 
current term, and the usual time for rehearing having expired, or having been applied for and denied in due course, nevertheless the power of an appellate court over its orders and judgments persists to the end of the term at which such order or judgment is rendered; that during the term at which an order or judgment is rendered, the court has the jurisdiction and power, which it may exercise as the circumstances and justice of the case may require, to reconsider, revise, reform or modify its own order or judgment for the purpose of making the same accord with law and justice, and that to that end it has the power to recall its own mandate after the same has been sent down to the trial court pursuant to such former order or judgment.
I do not think there can be any doubt about the proposition that a case can be carried over from one term to the ensuing term by the pendency of a petition for rehearing which remains undisposed of. This has been the practice and holding of this Court for many years. The Avon Park case, supra, held that the general rule that the power of a court over its orders and judgments terminates when the term at which they were rendered expires, is modified in that State, as to cases in the circuit court, by the statute permitting the court to entertain and act upon a motion for new trial presented within the statutory period, and as to cases in the Supreme Court by its long established rule permitting the filing of petitions for rehearing within fifteen days after rendition of judgment.
In the case of State ex rel. Davis v. City of Avon Park,supra, a case of original jurisdiction, it was held that where a petition for rehearing was filed during the following term, but within the fifteen days from the date of the judgment which is allowed by the rule for the filing of such petitions, this carried the case over into the subsequent term, in spite *Page 752 
of the fact that the judgment to which the petition was addressed was rendered during the preceding term; and that although such petition for rehearing was subsequently denied during such following term, this Court could, during said term, vacate the order denying such petition and grant a rehearing.
The case of Foster v. Thornton, 125 Fla. 699, 170 So. 459, cannot, in my opinion, be cited as a binding precedent. That case had an unusual history in this Court, but no question of jurisdiction appears to have been raised or discussed, However, as the case has been referred to quite frequently, its unique history is of some interest here. The judgment of the trial court in that case was reversed by this Court on August 10, 1933. Petition for rehearing was filed during that term and continued over into the following term, during which the judgment of reversal was receded from and the judgment of the court below was affirmed on February 9, 1934. After the judgment of affirmance was rendered, plaintiff in error filed a petition for rehearing, which was denied on February 27, 1934. Our records show that the mandate went down on March 1, 1934. During that same term the January term, 1934, a second or "supplemental" petition for rehearing was filed, also a motion to recall the mandate and reinstate the cause upon the docket so that the Court could consider the supplemental petition for rehearing. This motion was not disposed of during that term, but was continued over into the June term, 1934, by special order of the Court, and on June 26, 1934, this Court entered its order directing the clerk of the circuit court to return the mandate to this Court. The power of this Court to do this appears not to have been questioned or considered. A second oral argument was, during said June term, allowed and heard on July 31, 1934, and on December *Page 753 
6, 1934, during the same term, a per curiam opinion was filed announcing an equal division of the Court, and an order made reinstating the original judgment of reversal which had been rendered on August 10, 1933. See Foster v. Thornton, 113 Fla. 600, 152 So. 667; 119 Fla. 49, 150 So. 490, and 125 Fla. 699,170 So. 459. Whether appropriate or not, the Court by its order made during the 1934 January term, although the mandate had been sent down, attempted to carry the case over into the following June term, during which term the Court, after recalling the mandate and allowing a rehearing, reinstated and adhered to its original judgment of reversal, and the Court's power to do so does not appear to have been questioned by counsel or discussed by the Court. At any rate, regardless of what had happened, the final result, and the original judgment, were the same.
In the case of State ex rel. Davis, Attorney General, v. City of Clearwater, 108 Fla. 635, 146 So. 836, it was held that this Court could vacate its judgment, rendered on rehearing, after the term at which it was entered had expired, where the mandate had not been transmitted to the lower court, upon the theory that jurisdiction was retained by the appellate court until the trial court had been reinvested With jurisdiction; by transmission to it of the Court's mandate; that, "there can be no vacuum in jurisdiction."
A general rule which has support in many jurisdictions is that after a mandate has issued and the term expired, an appellate court ordinarily has no power thereafter to recall its mandate and reconsider, alter or modify its decision, except for the purpose of correcting clerical errors or mere matters of from. But a number of States have held that an appellate court has power to recall its mandate and correct, change or modify its judgment during the term at *Page 754 
which it was rendered. See the Annotations to Chapman v. St. Stevens Protestant Episcopal Church, supra, in 84 A. L. R., pp. 579-601. Yet it appears that the rule in many, if not a majority, of the States is that an appellate court loses jurisdiction of a case after its mandate has been lodged in the trial court and cannot recall its mandate even during the term in which its judgment was rendered. So the holding in our Chapman case was apparently contrary to the weight of authority in other jurisdictions. However, it has been consistently followed in this State ever since its rendition.
I have read all of the Florida cases dealing with this general subject (see cases cited in note below) and I am not convinced that this Court was without jurisdiction to enter the order of December 6, 1938, and I am therefore of the opinion that the motions attacking said order are not well founded, and should be denied.
WHITFIELD and BUFORD, J. J., concur. *Page 755