O’CONNELL, Justice.
This cause has been before this Court several times previously, the first time on appeal from a final decree of the Chancellor, which resulted in an affirmance of the decree without opinion. 66 So.2d 65. Next, the petitioners here, made petition for Writ of Certiorari directed to an “order on accounting supplement to final decree” entered in the Circuit Court, which petition resulted in the opinion of this Court dated February 25, 1955. 79 So.2d 659.
It now appears that prior to the rendering of the opinion reported in 79 So.2d 659, that the petitioner here filed its petition for corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and that on January 7, 1955, the United States District Court, Southern District of Florida, entered an order approving the petition, appointed a trustee, and among other things enjoined “all persons, firms and corporations, their agents, representatives and attorneys, are hereby enjoined from commencing, or continuing any civil action, proceeding a process, or any administrative proceeding against the debtor or any of its property * * In a subsequent order of January 24, 1955, the same Court said, “It is the understanding of this Court that the Circuit Court (of Dade County) has before it a report upon which certain payments are to be fixed which are to be paid to the debtor corporation, under a Release'between it and Palwi, Inc., and said- Court is hereby respectfully authorized and requested to rule upon said report, determine the amounts due the debt- or corporation, and direct and fix the time of payment to Julius Jay Perlmutter, the trustee herein.”
On July 26, 1955, the Court below without taking further evidence and without motion of either party entered its “Order *864 •or Decree on Mandate” in which a determination was made of the amount of permanent improvements made by which the petitioner here would benefit, rent due from the respondent to petitioner, and other matters, including a determination regarding •an option, held by Wieder and Amigo, to buy one-half'of the capital stock of the Beach Resort Hotel Corporation.
The briefs filed herein raise three questions, which are briefly:
1. Did the Court below err in entering its order of July 26, 1955, pursuant to the mandate of this Court, in view of the fact that the bankruptcy court had assumed jurisdiction of the parties and subject matter previous to the entry of said order, and had restrained .all persons from further litigation, except in the bankruptcy court?
2. Was it proper for the Court 'below in the entry of its order on mandate, to ignore the formula for account- • ing set forth in the opinion of this ■court, and to enter such order with•out taking of additional testimony?
3. Was it error for the lower court, in its decree on mandate, to adjudicate the validity and terms of an option agreement for purchase of capital stock, inasmuch as the final decree in the cause had already been affirmed by this Court, and had not included any adjudication of matters pertaining to said option agreement?
The first question can be answered •in the negative by virtue of the terms of the order of the bankruptcy court, dated January 24, 1955, the pertinent portion being quoted above. In said order the bankruptcy court “authorized and requested” the Circuit Court to rule on the report then before it as to the sums due between the parties.
The second question must also be answered in the negative. This Court in its opinion laid down no hard and fast rule to govern the court below in determining ■the permanency of the improvements, but said that those which were of such permanence as to benefit the Lessor should be charged against it.
The third question must be answered in the affirmative. The final decree in this cause did not adjudicate the option agreement whereby Wieder and Amigo were privileged to buy capital stock of the lessor corporation. There is no mention of the option in the final decree. It was not therefore one of the matters which the court could later adjudicate by virtue of retaining jurisdiction of the cause to enforce the decree.
The petition for certiorari is therefore granted as to so much of the order appealed from as pertains to the option between Wieder and Amigo, and Abraham Rosen, which portion of said order is quashed. In all other respects the petition for certio-rari is denied.
It is so ordered.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.