PER CURIAM.
Appellant has filed herein a motion reciting that after issuance of the mandate based on this court’s opinion and judgment *257 dated October 26, 1959 (reported in 115 So.2d 75, 81), appellant moved in the trial court for an order vacating the adoption decree, denying the petition for adoption and directing delivery of the child to her; that the chancellor declined to enter the requested order, and on the adoption petitioners’ oral motion to further try the “issue of custody” caused the matter to be set for hearing for that purpose.
On argument of the motion here the appellant contends that since the judgment of this court reversed the decree of adoption and held that the child should be returned to his mother, the appellant, the only remaining orders for the trial court to make are to deny the adoption, dismiss the petition and order delivery of the child to her; and the appellant moves that this court now make such orders, as authorized under § 59.34, Fla.Stat., F.S.A. Appellees take the position that there should be a further trial on the “issue of custody” as between the unsuccessful petitioners for adoption and the mother of the child.
In the concluding portion of the judgment and opinion of this court, we held “the petition for adoption should have been denied, and the application of the appellant, as made in her answer, for custody of the child to be returned to her, should have been granted,” and then said “the decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.” Our inclusion of that customary direction for “further proceedings not inconsistent with this opinion” may have been misleading to the chancellor, and by way of clarification we observe that it was not the purpose of such direction that there should be any further trial of an issue of custody as between the parties. The action or “further proceedings” to be taken by the trial court pursuant to the mandate, and which would be “not inconsistent” with this court’s opinion and judgment were restricted to that which would implement the holding of this court, that is, to vacate the prior decree of adoption and direct the transfer of the possession and custody of the child to his mother, the appellant.
Because the directions stated in our opinion were not thus specific, and because the language used may have been somewhat misleading in this respect, we are not persuaded that the chancellor has refused to follow, or will not readily comply with the mandate of this court, a¡s the same has been clarified herein; and for that reason the motion for this court to enter such decree or order as should have been given by the trial court, under § 59.34, Fla.Stat., F.S.A., or otherwise as authorized under § 35.08, Fla.Stat., F.S.A., is denied, without prejudice.
HORTON, C. J., and PEARSON and CARROLL, JJ., concur.