PER CURIAM.
This cause is before us upon petition for constitutional writ and petition for entry of a decree in accordance with mandate of this court. The petitioner was appellant in this court upon an appeal from a summary final decree for the defendant. We reversed,[1] using the following language:
“Since the evidence in the instant case shows conclusively that the joint bank account was established by Mrs. Sullivan as an attempted testamentary devise, it was error to hold that Mrs. Poster was entitled to the balance in the account at Mrs. Sullivan’s death. * * * The summary final decree is reversed and the cause remanded for the entry of a decree in accordance with this opinion.”
Thereafter present respondents, then ap-pellees, filed a petition for writ of certiorari in the Supreme Court of Florida pursuant to section 4(2), Article V, Constitution of Florida, 26 F.S.A. The Supreme Court, finding that the petition had been fortified by a certificate from this court that the controlling question was one of great public interest, issued the writ and heard argu *343 ment. The opinion of the court[2] discharged the writ, using the following language:
“We hold therefore that the gift of the funds was a testamentary transfer and void for failure to comply with the requirements of Chapter 731, Florida Statutes, F.S.A. A contrary ruling would operate to defeat the claims of those entitled to priority over testamentary beneficiaries, including creditors and the rights of widows in certain cases to have their dower set apart.
“For the reasons stated the decision under review is not disturbed and the writ of certiorari heretofore issued in this cause is discharged.”
 The mandate of this court directed that the summary final decree was reversed and that a decree be entered in accordance with its opinion. The proceedings in the trial court pursuant to the mandate were restricted to that which would implement the holding of this court. It was necessary only to enter a decree for the appellant. Petition of Vermeulen, Fla.App. 1960, 122 So.2d 318; cf. Petition of Chakmakis, Fla.App.1959, 116 So.2d 256. The chancellor, however, misconceived the intent of the remand and has upon motion of defendant, Selena M. Poster, granted leave to that defendant to amend her answer so that the said answer would make it unnecessary for the court to rule upon motion of the plaintiff for the entry of an order on the mandate. The order granting leave to the defendant to amend her answer and raise new issues was beyond the jurisdiction of the chancellor and is quashed. Cone v. Cone, Fla.1953, 68 So.2d 886.
We are not persuaded that the chancellor has refused to follow or will not readily comply with the mandate of this court, as the same has been clarified herein; and for that reason, the petition for this court to enter such decree as should have been given by the trial court under section 59.34, Fla.Stat., F.S.A., or otherwise as authorized under section 35.08, Fla.Stat., F.S.A., is denied without prejudice.
It is so ordered.
HORTON, C. J., and PEARSON, TILLMAN, and CARROLL, JJ., concur.

. Sullivan v. Chase Federal Savings and Loan Ass’n, Fla.App.1960, 119 So.2d 78, 80.

. Chase Federal Savings and Loan Ass’n v. Sullivan, Fla.1960, 127 So.2d 112, 115, (opinion filed in Supreme Court November 23, 1960).