PEARSON, Judge.
These appeals are (1) from an interlocutory order requiring a resident plaintiff to post a cost bond, and (2) from a final judgment dismissing the complaint for plaintiff’s failure to answer a call of the trial calendar. The appeals have been consolidated for all appellate purposes.
On June 17, 1975, plaintiff Joseph Levitt filed a complaint against defendants Joseph Vermuccio and Alexander Stone alleging an assault and battery in which defendants Vermuccio and Stone threw coconuts striking the plaintiff and resulting in personal injuries. Subsequently, defendant Vermuc-cio filed his answer and a counterclaim for damages together with a motion for injunc-tive relief, both temporary and permanent. Defendant Stone filed responsive pleadings but subsequently was voluntarily dismissed from the suit through a settlement.
On October 18, 1976, Joseph Vermuccio filed a motion to require the plaintiff to post a cost bond in advance of trial. On December 3, 1976, the trial judge entered an order requiring plaintiff to post a pretrial cost bond in the sum of- $500. This order provided that plaintiff’s cause would be dismissed if the cost bond was not filed forthwith. Thereupon, the plaintiff moved the court for an order staying the proceedings in the trial court until the determination of plaintiff’s interlocutory appeal of the order requiring the posting of the cost bond. On December 6, 1976, plain tiff-appellant Levitt filed an interlocutory appeal of the trial judge’s order.[1] On October 8, 1976, the trial judge set this cause for trial during a two week period commencing December 13, 1976. On December 11, 1976, the trial court held a calendar call for all causes set for the above-mentioned two week period. At that time, there was pending in this court plaintiff’s interlocutory appeal and in the trial court his motion for a stay pending the determination of the appeal. Counsel for Levitt failed to present himself at the call of the calendar. Therefore, on December 14, 1976, an order was entered dismissing this case.
The appellee has been unable to furnish us with any authority for the court’s action in requiring a resident plaintiff to post a cost bond. The motion for the bond cited no special circumstances but stated as follows:
*180 . .on the grounds that the allegations of the plaintiff’s Complaint are, at best, spurious and without substance and this defendant is required to go forward with essential pretrial discovery for which the plaintiff should be required to post a cost bond to secure payment of all taxable costs incurred by the defendant in the event the cause of action is dismissed and/or there is a judgment entered for the defendant.”
We do not need to reach the question of whether or not the trial court may, under any circumstances, require a resident plaintiff to post a cost bond.[2] A review of this record shows no basis upon which the court might in its discretion forbid the plaintiff access to the court unless a cost bond were posted. The order requiring a cost bond was, therefore, error.
Turning to the appeal from the final order of dismissal, we hold that this order was improperly entered because it finally terminated the cause during the pendency of the interlocutory appeal. While it is well established that the trial court may proceed with a cause during the pendency of an interlocutory appeal, it is also established that the trial court does not have jurisdiction to effect a final disposition of the cause in a manner that will frustrate the interlocutory appeal. See Buck Plumbing, Inc. v. Bel-Aire, Inc., 103 So.2d 670 (Fla.3d DCA 1958).
Accordingly, the interlocutory order requiring the posting of a bond is quashed, the final judgment dismissing plaintiff’s cause is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.

. If this order was not properly reviewable under Fla.App. Rule 4.2, the appeal court have been considered as a petition for certiorari. See State v. Johnson, 306 So.2d 102 (Fla.1974).

. As to non-resident plaintiffs, see Section 57.011, Florida Statutes (1975).