BARKDULL, Judge.
Following our opinion, reported in City of Islandia v. Metropolitan Dade County, 362 So.2d 385 (Fla. 3d DCA 1978), the mandate was lodged in the trial court on September 8, 1978. Thereafter, in February of 1979, the City of Islandia moved to tax appellate costs and the trial court entered an order on February 26, 1979 taxing costs in the amount of $186.99 against the class defendants, William C. Martin and others, and directed that William C. Martin and others obtain affirmative consents from the members of the class within forty-five days, and allowed 15 days for the filing of crossclaims and counterclaims. An appeal was taken from this order on March 22,1979 and docketed in this court under Clerk’s File No. 79-586. While this appeal was pending, the City of Islandia moved to default Martin and others for failure to comply with the order of February 26, 1979 and, on May 18, an order was entered dismissing the class suit for failure to comply with the order of February 26, 1979. An appeal from this order of dismissal was taken on May 22 and docketed in this court under Clerk’s File No. 79-1021. The appeals were subsequently consolidated for briefing and argument.
The appellants contend: (1) That the trial court was without jurisdiction to tax costs, no motion having been filed in accordance with the Florida Appellate Rules effective March 1, 1978. (2) That the order requiring the appellants to obtain consents and file crossclaims and counterclaims was in error, in light of the earlier opinion of this court. (3) That the order of May 18, 1979 was error because the subject matter of the alleged default was under review in this court.
We agree as to the first point. After the matter returned to the trial court by the issuance of our mandate in the earlier proceeding, the matter no longer proceeded in this court and the proceedings in the trial court in February of 1979 were to be governed by the then applicable appellate rules, to wit: those which became effective March 1, 1978.[1] The order taxing, costs was error *812 as the motion was untimely filed. As to the second point, our prior opinion directed the trial court to do the following:

“. . .to make findings after trial of the cause concerning (1) the legality of the trust, and (2) whether the trust should be dissolved, and then to proceed to a determination of the respective rights of the parties, if the court finds that the trust must be dissolved.”

There was no need for the direction of the filing of additional crossclaims and counterclaims, and the class represented by Martin was identifiable. So much of the order of February 26, 1979 that required these acts was contrary to our earlier opinion and these requirements are hereby reversed and set aside.
Lastly, the order of May 18, 1979 dismissing the appellants’ claims was clearly erroneous as the subject matter of the alleged default was under consideration by this court in appeal No. 79-586. The trial court did not have the jurisdiction to dismiss the appellants’ claims; in this connection, see the following authorities: Mandrachia v. Ravenswood Marine, Inc., 118 So.2d 817 (Fla. 2d DCA 1960); Stewart v. Golding, 327 So.2d 879 (Fla. 3d DCA 1976); Levitt v. Vermuccio, 353 So.2d 178 (Fla. 3d DCA 1977); General Portland Land Development Company v. Stevens, 356 So.2d 840 (Fla. 4th DCA 1978); Rule 9.130(f), Florida Appellate Rules.
Therefore, the two orders under review be and the same are hereby reversed and set aside, and the trial court is again directed to make findings after trial of the cause concerning (1) the legality of the trust, and (2) whether the trust should be dissolved, and then to proceed to a determination of the respective rights of the parties, if the court finds that the trust must be dissolved.
Reversed and remanded, with directions.

. Florida Rules of Appellate Procedure.
“Rule 9.010. EFFECTIVE DATE AND SCOPE
These rules, cited as ‘Florida Rules of Appellate Procedure,’ and abbreviated ‘Fla.R.App.P.,’ *812 shall take effect at 12:01 a. m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by Rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Revision. These rules shall supersede all conflicting rules and statutes.” See also: Rule 9.400(a), Fla.R.App.P.