379 So.2d 1297 (1980)
John COLONEL and Virginia M. Colonel, His Wife, Petitioners,
v.
Sophia S. REED, Respondent.
No. 79-2199.
District Court of Appeal of Florida, Fourth District.
January 16, 1980.
*1298 Bruce W. Jolly of Shailer & Purdy, Fort Lauderdale, for petitioners.
Perry W. Hodges, Jr., of Hodges, Gossett, McDonald & Wakefield, Hollywood, for respondent.
DOWNEY, Chief Judge.
By petition for writ of certiorari we are asked to review a final order of the Circuit Court in its appellate capacity affirming a final judgment of the County Court of Broward County.
The petition alleges that a final judgment of eviction was entered in the County Court of Broward County on November 8, 1977. A timely appeal of that judgment was perfected to the Circuit Court resulting in a reversal and remand of the judgment by Opinion filed June 16, 1978. The Circuit Court mandate, based upon the opinion of June 16th, was not issued until December 1, 1978. However, prior to the issuance of the mandate the cause was tried once again in the County Court and a final judgment was entered November 28, 1978. A timely appeal was taken from that judgment which resulted in the judgment's being affirmed by order of the Circuit Court dated June 29, 1979. It is that order which this petition presents for our consideration.
Petitioner contends that the Circuit Court departed from the essential requirements of law in affirming the County Court judgment of November 28, 1978, because the County Court did not have jurisdiction to retry this case prior to the issuance of the mandate. Respondent maintains that the Clerk's failure to fulfill his ministerial duty in issuing the mandate as required by Florida Appellate Rule 9.340(a) should not militate against his interests, particularly where the question of lack of jurisdiction was not presented to the trial court.
The failure of the parties or the trial court to notice the absence of a mandate prior to the second trial of the case is unfortunate, particularly because this case has already labored through two trials and two appeals. However, the question involved relates to jurisdiction. Years ago the Supreme Court of Florida, in State ex rel. Davis v. City of Clearwater, 108 Fla. 635, 635, 146 So. 836, 836 (Fla. 1933), held that "[t]here can be no twilight zone in jurisdiction nor vacuum in its application. It is either effective full of force or not at all."
The mandate of an appellate court is the official method of communicating its judgment to the inferior tribunal. Livingston v. State, 113 Fla. 391, 152 So. 205 (Fla. 1933); Tierney v. Tierney, 290 So.2d 136 (Fla. 2d DCA 1974); 3 Fla.Jur.2d § 402, Appellate Review. As Justice Whitfield phrased it in his concurring opinion in the Clearwater case, supra:
Where on appeal or writ of error, the Supreme Court affirms or reverses a judgment, decree or order, such court does not lose jurisdiction of the cause until the mandate of the Supreme Court is duly remitted to, and received in, the office of the clerk of the lower court. 146 So. at 837.
Obviously, if the appellate court does not lose jurisdiction until the mandate is issued, the trial court cannot regain jurisdiction until that time. 3 Fla.Jur.2d, § 31, Appellate Review.
We hold that the County Court had no jurisdiction to proceed with the second trial and entry of judgment prior to the receipt of the mandate from the Circuit Court on December 1, 1978. Therefore, the order of the Circuit Court affirming the judgment of November 28, 1978, constitutes a departure from the essential requirements of law requiring issuance of the Writ of Certiorari.
*1299 The order of the Circuit Court dated June 29, 1979, is quashed and the cause is remanded to the Circuit Court with directions to reverse the County Court judgment of November 28, 1978, and remand the case to the County Court for further proceedings.
MOORE and HERSEY, JJ., concur.