386 So.2d 320 (1980)
Robert E. WOOD and Diane Bass Wood, Appellants,
v.
MANATEE BAY CORPORATION, Appellee.
No. 79-2072.
District Court of Appeal of Florida, Second District.
August 6, 1980.
*321 R. Justin Marshall, Palmetto, for appellants.
James M. Wallace, St. Petersburg, for appellee.
OTT, Acting Chief Judge.
Following the remand of this case after an unsuccessful earlier appeal by Manatee, the trial court purported to enter a "Supplemental Final Judgment" in favor of Manatee. The action of the court was a nullity because it had no jurisdiction to make such an award. Consequently, we vacate the void supplemental judgment.
In 1977 the Woods filed suit to quiet title to their home. Specifically, they asked the court to declare that a $2,900 note, which they executed in favor of Manatee in 1961, together with the mortgage securing it, were invalid and unenforceable. Manatee counterclaimed, claiming default in the note on the ground that no payments had been made since 1962, and seeking foreclosure of the mortgage. In response to that counterclaim, the Woods raised the statute of limitations and other affirmative defenses.
On August 16, 1978 the trial court entered a final judgment purporting to adjudicate all matters in dispute. The action to quiet title was treated as a suit to cancel the debt and was granted. The mortgage was cancelled and Manatee's counterclaim was dismissed with prejudice. Manatee appealed and this court affirmed the judgment in an opinion filed May 18, 1978, which stated in part:
The final judgment is ambiguous as to whether it purports to cancel the debt evidenced by a promissory note which underlies the mortgage. We construe the judgment to mean that the underlying debt between the parties is not affected. The judgment is affirmed as construed.
Manatee Bay Corporation v. Wood, 371 So.2d 197, 198 (Fla. 2d DCA 1979).
The mandate of this court, dated June 7, 1979, returned the case to the trial court, but was withdrawn on August 1, 1979 when the Woods petitioned for rehearing and clarification and established that they had not been served with the mandate. Their petition was denied September 17, 1979 and we issued a new mandate on October 3, 1979.
In the meantime, on May 31, 1979, Manatee filed in the trial court a motion for the entry of a "Supplemental Final Judgment." The basis for the motion was an assertion that the opinion of this court was "a mandate" for judgment in Manatee's favor on the promissory note. The trial court agreed and on June 4, 1979 entered the supplemental *322 final judgment, "nunc pro tunc August 14 [sic], 1978," awarding Manatee a judgment against the Woods for some $10,000.
The Woods' motion to set aside the supplemental final judgment, on the ground that the trial court had no jurisdiction to enter it, was denied and this present appeal followed.
There are two jurisdictional defects in the supplemental final judgment. The most glaring, of course, is revealed by simply reciting the chronology. On June 4, 1979 the first appeal was still pending in this court. The court below had no jurisdiction to proceed with the case.[1] Rule 9.600 of Florida Appellate Procedure; State ex rel. Davis v. Clearwater, 108 Fla. 635, 146 So. 836 (1933).
Equally devastating to the validity of the supplemental judgment is the fact that this court affirmed the "Final Judgment" of the trial court, which purported to be a final adjudication of all the matters at issue in the case. The effect of that affirmance was that thereafter the trial court was powerless to amend or change the judgment. Budd v. Williams, 152 Fla. 189, 11 So.2d 341 (1943). The lower court had no power to amend its final judgment, now affirmed by this court, and grant some new, different or further relief. Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976); Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932). New matter affecting the judgment could not be presented without our permission. Rinker Materials Corp. v. Holloway Materials Corp., 175 So.2d 564 (Fla. 2d DCA 1965), cert. denied 180 So.2d 657 (Fla. 1965). A supplemental judgment could be entered only if it were consistent with not only the former judgment of the trial court, but also with the opinion and mandate of this court. Test v. State, 87 So.2d 587 (Fla. 1956). The trial court had no jurisdiction to cure deficiencies or omissions in the original judgment (Beach Resort Hotel Corp. v. Wieder, 83 So.2d 863 (Fla. 1955)) or to do anything other than that which would implement the judgment which we had affirmed. Sullivan v. Chase Federal Savings & Loan Ass'n., 132 So.2d 341 (Fla. 3d DCA 1961).
Applied to the facts at bench, those rules nullify the supplemental judgment. The only possible predicate for the statement in our earlier opinion, that the judgment did not affect the debt underlying the cancelled mortgage,[2] was our conclusion that Manatee's counterclaim had sought only foreclosure of the mortgage, and not a money judgment on the note. Otherwise, the portion of the judgment dismissing the counterclaim with prejudice would operate as res judicata denying Manatee's right to collect on the debt.
The result is that Manatee's attempt to interject a new issue into this completed lawsuit was improper, and the trial court had no jurisdiction to consider it. Should Manatee wish to pursue its claim, it will have to do so in a new action, in which the Woods will have full opportunity to raise their several defenses.
The supplemental final judgment is vacated and set aside.
DANAHY and CAMPBELL, JJ., concur.
NOTES
[1] We need not, and therefore will not, address the question of the effect that the withdrawal of a mandate has upon proceedings taken during the interim between the trial court's receipt of the mandate and the withdrawal thereof.
[2] We are mystified by the assertion that this statement was "a mandate" for a money judgment in favor of Manatee. Instructions to a trial court from an appellate court frequently accompany a reversal, but its strains the imagination to construe an affirmance as an order that some deficiency in the trial court's performance must be corrected after remand.