COLBATH, WALTER N., Jr., Associate Judge.
This is the latest in a long line of cases, to wit: eight before this court, which can only be described as the litigious litany of the Fighting Frisards.
The issue appears to be unique in Florida, and elsewhere for that matter, albeit the amount in question involves only $857.04 of appellate costs taxed against the appellant in the lower court. Succinctly stated, the issue presented to the court is as follows:
Whether under Rule 9.400(a), Florida Rules of Appellate Procedure (1985), a mandate is deemed issued upon the date which appears on its face or upon the date it is received and filed by the lower court.
*767 The facts are as follows. On April 24, 1985, this court issued its opinion in Frisard v. Frisard, 468 So.2d 399 (Fla. 4th DCA 1985). The clerk of this court dated its mandate on June 21, 1985, and the same was received and stamped by the lower court clerk on June 24, 1985. Thereafter, and in accordance with the opinion, appel-lee’s attorney filed and certified his motion to tax costs on July 24, 1985. At the hearing appellant’s attorney moved ore ten-us to dismiss appellee’s motion on the ground that it was not timely filed as required by rule 9.400(a), Florida Rules of Appellate Procedure (1985). The court denied appellant’s ore tenus motion and thereafter entered judgment in favor of appellee for costs in the above-stated amount. For the following reasons we reverse.
Appellant asserts that a mandate in this case was “issued” when it was dated on June 21, 1985, by the appellate court clerk. Appellee argues that the mandate was not “issued” until June 24, 1985, when it was received and stamped by the circuit court clerk and therefore his motion for costs was timely filed on the thirtieth day thereafter. There is no authority directly on point. Appellant relies on Bouchard v. State, 448 So.2d 1126 (Fla. 2d DCA 1984); a case in which a notice of appeal was not filed within thirty days and which the district court dismissed, noting that the five-day mailing period in rule 9.420(d), Florida Rules of Appellate Procedure (1985), does not apply to notices of appeal or motions for rehearing of an appellate decision. Bouchará, however, was not concerned with the “issuance of a mandate” and is therefore of no help in resolving the present case.
Appellee, on the other hand, argues that “issuance” is not complete until the mandate is received by the lower court and cites Colonel v. Reed, 379 So.2d 1297 (Fla. 4th DCA 1980). In Colonel, this court held that “the County Court had no jurisdiction to proceeá with the second trial and entry of judgment prior to the receipt of the manáate from the Circuit Court....” M. at 1298 (emphasis added). The court, through Judge Downey, stated, “Obviously, if the appellate court does not lose jurisdiction until the mandate is issued, the trial court cannot regain jurisdiction until that time.” M. In reversing, we do not recede from our position in Colonel because we feel that the facts are clearly distinguishable. In Colonel, the court (County Court) held a retrial and entered judgment two days before the clerk of the circuit court dated its mandate; an act it was clearly without jurisdiction to perform. In the case sub judice, we are not dealing with an act of court, but rather with a timely (or untimely) filing of a motion under the rule. Jurisdiction to act cannot be equated with timely filing. Appellee’s attorney had the right to file his motion at any time after our opinion became final. The court, however, only had jurisdiction to act after the issuance of our mandate; therefore, in our opinion, appellee’s attorney in his argument clearly mixes apples and oranges.
A case not cited by either side, but uncovered in our research, to wit, Martin v. City of Islandia, 378 So.2d 810 (Fla. 3d DCA 1979), at first blush would seem to support appellee’s position, but upon more careful scrutiny, militates against it. In Martin, the court, at page 811, stated:
Following our opinion ... the mandate was loágeá in the trial court_ [Emphasis added.]
The court continued:
After the matter retumeá to the trial court by the issuance of our manáate in the earlier proceeding, the matter no longer proceeded in this court_ [Emphasis added.]
The words “lodged” and “returned” do not equate with issuance. To the contrary, something cannot become “lodged” nor can it be “returned” until it comes into being, and a mandate comes into being when it is “issued.” Accordingly, we hold that a mandate is “issued” on the date stamped on its face by the ministerial act of the clerk of this court; never before and logically not after. Accordingly, we hereby reverse and remand to the lower court to *768 enter its order in accordance with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS and GUNTHER, JJ., concur.