L. P. ALLEN v. BREVARD COUNTY LOAN & MORTGAGE CO. CHARLES D. SMITH, Garnishee.

159 So. 524.
(See 117 Fla. 640, 158 So. 305.)
Opinion Filed February 20, 1035.

*Butt & Akridge,* for Plaintiff in Error;

*James J. Jackson* and *Crofton & Wilson,* for Defendants in Error.

PER CURIAM.—The opinion and judgment in this case were filed and entered December 14, 1934, during the June, 1934, term of the Supreme Court. That term expired by limitation of statute January 7, 1935. On January 8, 1935, the January, 1935, term of the Court began. See Section 4690 C. G. L., 2961 R. G. S.

The mandate in this cause was required to be issued under the amended rule upon the lapse of fifteen days after the opinion and judgment. See amended rule 25, as amended August 2, 1932, effective October 1, 1932. So the mandate went down December 31, 1934, during the June, 1934, term.

On January 5, 1935, a petition for rehearing was filed out of time without leave of court. To this petition a motion to strike was interposed by the opposite party and the petition was denied by reason of being stricken for filing out of time. No leave was sought during June, 1934, term of this Court which expired January 7, 1935, to have a petition for rehearing filed and considered out of time although the practice of the Court has been to grant additional time not exceeding fifteen days within which to file petitions for rehearing when the fifteen days allowed by the rule is deemed by the parties affected to be insufficient.

The present petition for recall of the mandate and for leave to file an extraordinary petition for rehearing was filed herein February 2, 1935, during the present term. This Court, however, lost all jurisdiction over the case when the new term began January 8, 1935, with nothing of record having been sufficiently filed to continue the jurisdiction of the Court over the cause from the prior term into this term. The petition for rehearing filed January 5, 1935, which was denied January 10, 1035, because not filed within time, was

not sufficient to carry the case over from the last term because at the time that petition was filed the mandate had been issued and lodged in the court below and the time for filing petition for rehearing had expired thereby concluding the jurisdiction of this court over the cause for all purposes except recall of the mandate which was not requested during the June, 1934, term.

The extraordinary petition for rehearing and for recall of the mandate must therefore be denied for want of jurisdiction in the Supreme Court to consider it.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.