BARFIELD, Chief Judge.
Appellants challenge a non-final order in an action under the Insurers Rehabilitation and Liquidation Act, chapter 631, Florida Statutes (1991), in which the receivership court denied appellants’ motion to vacate or modify its prior injunctive order. The prior order had partially lifted the automatic stay in the receivership action to the extent of allowing the Receiver to be named as a nominal defendant in a suit for damages against appellants by Seapine Corporation (Seapine). Inter alia, it also prohibited service of any discovery on the Receiver without the receivership court’s express' authorization. We deny appellee Seapine’s motion to dismiss the appeal, finding that we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) and that appellants, who filed the motion which was denied in the order appealed, have standing to appeal.[1] As to the merits, we conclude that the receivership court should have granted appellants’ motion and should have vacated its prior order.
Sections 631.041(l)(a) and (b), Florida Statutes, provide that a petition for an order of rehabilitation of an insurer “operates as a matter of law as an automatic stay applicable to all persons and entities, other than the receiver, which shall be permanent ... and which shall prohibit ... commencement or continuation of judicial, administrative, or other action or proceeding against the insurer or against its assets or any part thereof ... [and] ... enforcement of a judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding ...” Section 631.041(2) authorizes the receivership court to grant relief from “the stay against obtaining or enforcing a judgment,” with notice to the Department of Insurance and after a hearing, “provided the movant, who has the burden of proof, establishes by clear and convincing evidence that the judgment is not *830 voidable or void by a receiver and that property from which the judgment would be satisfied does not constitute premium funds or another asset which belongs to the insurer.” It is clear that in its action against appellants, Seapine was not seeking either to obtain or to enforce a judgment against the insolvent insurer or the Receiver, but instead named the Receiver as a “nominal” party in the action against appellants as the result of unfathomable strategies practiced by the parties in a prior incarnation of the damages suit in Dade County.[2]
Having carefully reviewed the entire record presented to us and the arguments of the parties, we conclude that the receivership court had no statutory authority to partially lift the automatic stay to the extent of allowing the Receiver to be named as a nominal party in the suit against appellants by Sea-pine, nor was it statutorily empowered to prohibit service of any discovery on the Receiver without its express authorization. To the extent that section 631.041(4) may be read to authorize the issuance of an injunction “to prevent interference with the department or the proceeding,” we agree with appellants that Seapine did not establish the requisite justifications for issuance of such an injunction.
The challenged order denying appellant’s motion to vacate the prior unauthorized in-junctive order is therefore REVERSED and the case is REMANDED to the receivership court with instructions that appellants’ motion be granted and the prior order vacated. We recognize that this will nullify the prohibition on service of any discovery on the Receiver and will ultimately result in the Receiver being removed as a nominal party in Seapine’s action against appellants, but we do not read section 631.041(1) as prohibiting discovery properly sought from the Receiver as a nonparty to the damages action.

. We reject the assertion that appellants are bound by the terms of the prior order until it is . overturned on appeal from a final order in the receivership action because they did not timely file an interlocutory appeal of the prior order. We note that appellants were not parties to the receivership action and have asserted they were not given a copy of Seapine’s motion which resulted in the prior injunctive order. We find that this record does not demonstrate that appellants were served with a copy of the motion in compliance with the Florida Rules of Civil Procedure, or otherwise fully apprised of the relief being sought, including the discovery prohibitions.

. After the Dade County Circuit Court granted appellants' motion to dismiss Seapine's complaint against them, Seapine amended the complaint and appellants filed a motion to dismiss the amended complaint, whereupon Seapine filed a notice of voluntarily dismissal and then filed a similarly worded complaint in the Leon County Circuit Court. We note that there is now pending before this Court an appeal of the Leon County Circuit Court’s denial of appellants' motion to dismiss on venue grounds, Case No. 94-3641.