678 So.2d 828 (1996)
In re the RECEIVERSHIP OF GUARANTEE SECURITY LIFE INSURANCE COMPANY, a Florida corporation.
Michael J. PETER, et al., Appellants,
v.
STATE of Florida, ex rel. the DEPARTMENT OF INSURANCE, as Receiver of Guarantee Security Life Insurance Company, etc. et al., Appellees.
No. 95-2416.
District Court of Appeal of Florida, First District.
June 19, 1996.
Opinion on Rehearing August 28, 1996.
*829 Larry A. Stumpf and Jacob J. Givner of Rubin Baum Levin Constant Friedman & Bilzin, Miami, for Appellants.
Barry Richard of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, for appellee Seapine Corporation.
BARFIELD, Chief Judge.
Appellants challenge a non-final order in an action under the Insurers Rehabilitation and Liquidation Act, chapter 631, Florida Statutes (1991), in which the receivership court denied appellants' motion to vacate or modify its prior injunctive order. The prior order had partially lifted the automatic stay in the receivership action to the extent of allowing the Receiver to be named as a nominal defendant in a suit for damages against appellants by Seapine Corporation (Seapine). Inter alia, it also prohibited service of any discovery on the Receiver without the receivership court's express authorization. We deny appellee Seapine's motion to dismiss the appeal, finding that we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) and that appellants, who filed the motion which was denied in the order appealed, have standing to appeal.[1] As to the merits, we conclude that the receivership court should have granted appellants' motion and should have vacated its prior order.
Sections 631.041(1)(a) and (b), Florida Statutes, provide that a petition for an order of rehabilitation of an insurer "operates as a matter of law as an automatic stay applicable to all persons and entities, other than the receiver, which shall be permanent ... and which shall prohibit ... commencement or continuation of judicial, administrative, or other action or proceeding against the insurer or against its assets or any part thereof... [and] ... enforcement of a judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding ..." Section 631.041(2) authorizes the receivership court to grant relief from "the stay against obtaining or enforcing a judgment," with notice to the Department of Insurance and after a hearing, "provided the movant, who has the burden of proof, establishes by clear and convincing evidence that the judgment is not *830 voidable or void by a receiver and that property from which the judgment would be satisfied does not constitute premium funds or another asset which belongs to the insurer." It is clear that in its action against appellants, Seapine was not seeking either to obtain or to enforce a judgment against the insolvent insurer or the Receiver, but instead named the Receiver as a "nominal" party in the action against appellants as the result of unfathomable strategies practiced by the parties in a prior incarnation of the damages suit in Dade County.[2]
Having carefully reviewed the entire record presented to us and the arguments of the parties, we conclude that the receivership court had no statutory authority to partially lift the automatic stay to the extent of allowing the Receiver to be named as a nominal party in the suit against appellants by Seapine, nor was it statutorily empowered to prohibit service of any discovery on the Receiver without its express authorization. To the extent that section 631.041(4) may be read to authorize the issuance of an injunction "to prevent interference with the department or the proceeding," we agree with appellants that Seapine did not establish the requisite justifications for issuance of such an injunction.
The challenged order denying appellant's motion to vacate the prior unauthorized injunctive order is therefore REVERSED and the case is REMANDED to the receivership court with instructions that appellants' motion be granted and the prior order vacated. We recognize that this will nullify the prohibition on service of any discovery on the Receiver and will ultimately result in the Receiver being removed as a nominal party in Seapine's action against appellants, but we do not read section 631.041(1) as prohibiting discovery properly sought from the Receiver as a nonparty to the damages action.

OPINION ON MOTIONS FOR REHEARING
The appellees, Seapine Corporation (Seapine) and the Department of Insurance (the Department), seek rehearing of this court's decision reversing a non-final order in an action under the Insurers Rehabilitation and Liquidation Act, chapter 631, Florida Statutes (1991), in which the receivership court had denied the appellants' motion to vacate or modify its prior injunctive order, In re Receivership of Guarantee Security Life Insurance Company, 678 So.2d 828 (Fla. 1st DCA 1996). Because the Department filed its motion for rehearing more than fifteen days after issuance of the challenged opinion, the motion is dismissed as untimely under Florida Rule of Appellate Procedure 9.330. Seapine's motion for rehearing is denied on the merits, with one exception.

BACKGROUND
Some of the circumstances surrounding this case are set out in this court's opinion on motion to recall mandate, Peter v. Seapine Corporation, 678 So.2d 508 (Fla. 1st DCA 1996), which should be read in conjunction with this opinion. In 1991, the Department was appointed the receiver for Guarantee Security Life Insurance Company (GSLIC),[1] which is a wholly owned subsidiary of Transmark *831 USA, Inc. (Transmark), owned by Mark Sanford. Transmark also owns all the stock in Seapine, which in 1993 filed a complaint in Dade County to foreclose a multi-million-dollar loan to the appellants. As Receiver for GSLIC, the Department had obtained a temporary injunction against Sanford and Transmark, prohibiting them from disposing of or transferring any of their assets, based upon GSLIC's alleged improper transfer of millions of dollars in property and funds to them. Sanford and Transmark apparently obtained the receivership court's permission to pursue Seapine's suit against the appellants.
In 1994, the appellants filed a motion to dismiss the foreclosure action, asserting that as a result of the receivership action, the Department owned the claims sought to be advanced by Seapine and was therefore the real party in interest and an indispensable party under Florida Rule of Civil Procedure 1.140(b). The Dade County Circuit Court granted what it characterized as "Defendant's Motion to Dismiss for Failure to Join an Indispensable Party," but allowed Seapine to amend its complaint.
The amended complaint added the Department as a party defendant and included a count asserting that the Department claimed "a contingent interest in certain assets of Sanford and Transmark, including their interest in Seapine and its claims asserted in this action." The appellants filed a motion to dismiss, asserting that the amended complaint "does nothing to cure fatal defects found by the Court to exist with respect to the original Complaint," that the Department "owns the claim (and any liabilities connected therewith) asserted in the name of Seapine in the Amended Complaint" and "is both the real party in interest and the only proper plaintiff in this action," that naming the Department as a defendant "is a completely meaningless act as demonstrated by Seapine's failure to request any relief as to the Department in the Amended Complaint," and that absent an assertion of the claim by the Department as plaintiff, "this action cannot properly proceed."
Seapine thereafter voluntarily dismissed the Dade County action and filed a complaint in Leon County nearly identical to the amended Dade County complaint, asserting that the Dade County Circuit Court had determined that the Department "is an indispensable party to an action by Seapine to foreclose upon the aforesaid debt" and that under Florida Rule of Civil Procedure 1.210, the Department was joined as a nominal defendant because it "declined to join this action as a plaintiff." The Department then filed a "Notice of Filing, Injunction and Statutory Stay," reciting the receivership court's August 1991 and December 1992 orders and noting that under sections 631.031(4) and 631.041(1), Florida Statutes (1991), Seapine was enjoined from the commencement or prosecution of any action against the Department as GSLIC's receiver and the Department was prohibited from defending legal actions brought against it without express authorization of the receivership court. When the appellants filed requests to the Department to produce documents in November 1994, the Department responded by filing a "Notice of Stay and Injunction," referencing its notice of injunction and statutory stay and asserting that it could not respond to the request for production "as this would be a violation of the Court ordered injunction."
*832 In the meantime, Seapine had filed in the receivership action a motion seeking an order allowing it to maintain the pending action against the Department as a "nominal defendant." [2] The receivership court granted the motion, finding that "successful prosecution of the Seapine action is in the best interests of the receivership and that the Seapine action is likely to proceed more expeditiously if the Receiver remains as a nominal party." The court ordered:
1. The Florida Statute 631.041 automatic stay and injunctions contained in the August 12, 1991 Order of Rehabilitation remains in full force and effect except as modified herein.
2. Seapine is authorized to continue its action in the aforesaid case with the Receiver as a nominal defendant and, to that extent, is released from the stay provisions of the orders of this Court dated August 16, 1991 (sic) and December 2, 1992.
3. No cross-claims or other pleadings shall be filed against the Receiver or the receivership assets, and the complaint in the Seapine action shall not be amended to seek recourse against the receivership assets, without the express authorization of this court.
4. No subpoena, request for production or inspection, interrogatories, or other discovery shall be served upon the Receiver in connection [with] Guaranty Security Life Insurance Company or its subsidiaries or assets, without the express authorization of this court.
5. The Receiver shall not be required to respond to any pleadings or discovery served upon it in connection with Guaranty Security Life Insurance Company or its subsidiaries or assets, without the express authorization of this court.
The appellants filed a motion requesting the receivership court to vacate this order and leave the automatic stay in place, asserting that the court had exceeded its statutory authority under section 631.041, which authorizes it to grant relief from an automatic stay only where the movant seeks to enforce a "judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding." They also argued that the order deprived them of their rights to conduct discovery, "critical to their ability to establish their defenses and entitlement to affirmative relief," asserting that the Department has possession of, and may be the sole custodian of, information "concerning Seapine, the source of its funding and the actual nature of the specific transaction giving rise to the Seapine Action." In the alternative, they requested that the court order the Department "to respond to all pleadings and discovery requests in accordance with the Florida Rules of Civil Procedure." After a hearing, the court denied the motion, the action challenged in this appeal.
In its opinion on appeal, this court concluded that the receivership court should have granted the appellants' motion and should have vacated its prior injunctive order. Noting that sections 631.041(1)(a) and (b) provide that a petition for an order of rehabilitation of an insurer operates as an automatic stay prohibiting obtaining or enforcing a judgment against the insolvent insurer and that § 631.041(2) authorizes relief from the automatic stay under certain circumstances, this court concluded that Seapine's foreclosure action against the appellants "was not seeking either to obtain or enforce a judgment against the insolvent insurer or the Receiver, but instead named the Receiver as a `nominal' party in the action against the appellants as the result of unfathomable strategies practiced by the parties in a prior incarnation of the damages suit in Dade County."[3] This court held:
... that the receivership court had no statutory authority to partially lift the automatic stay to the extent of allowing the Receiver to be named as a nominal party in the suit against appellants by Seapine, nor was it statutorily empowered to prohibit service of any discovery on the Receiver *833 without its express authorization. To the extent that section 631.041(4) may be read to authorize the issuance of an injunction "to prevent interference with the department or the proceeding," we agree with appellants that Seapine did not establish the requisite justifications for issuance of such an injunction.
The challenged order denying appellant's motion to vacate the prior unauthorized injunctive order is therefore REVERSED and the case is REMANDED to the receivership court with instructions that appellants' motion be granted and the prior order vacated. We recognize that this will nullify the prohibition on service of any discovery on the Receiver and will ultimately result in the Receiver being removed as a nominal party in Seapine's action against appellants, but we do not read section 631.041(1) as prohibiting discovery properly sought from the Receiver as a non-party to the damages action.

SEAPINE'S MOTION FOR REHEARING
Seapine contends that the receivership court's order did not partially lift the automatic statutory stay, as stated in this court's opinion, but rather that it simply modified that portion of its "discretionary injunction," issued under the authority of section 631.041(4), barring suits against the Receiver without prior authorization of the receivership court. It argues that the receivership court "certainly had the discretion to lift its own injunction without affecting the statutory stay." However, the explicit language of the August 1991 order, quoted in the first footnote of this opinion, as well as the holding in this court's opinion that Seapine did not establish the requisite justification for issuance of an injunction pursuant to section 631.041(4), seriously undercuts these arguments.
Seapine states that this court's opinion "refers to the progress of the Seapine case in the Dade County courts as `unfathomable'" and asserts that "the transactions leading to the addition of the Department as a party defendant and the transfer to Leon County were the necessary result of the actions of the appellants herein." Actually, this court's opinion referred to the strategies practiced by the parties in the Dade County action as "unfathomable." As to Seapine's argument that its actions were the "necessary" response to the actions of the appellants, we note first that Seapine could have chosen to challenge the ruling of the Dade County Circuit Court that the Department was an indispensable party to its foreclosure action against the appellants instead of amending its complaint to add the Department as a nominal party, and second that instead of voluntarily dismissing its amended complaint, it could have chosen to oppose the appellants' motion to dismiss the amended complaint and could have argued that the Department was not the "real party in interest" in the foreclosure action, as was asserted by the appellants.
Seapine seeks deletion of dicta in the last paragraph of this court's opinion "to the effect that it will ultimately result in the Department being removed as nominal party in Seapine's action against appellants" (the foreclosure action which is the subject of the appeal in case no. 94-3641). It argues that section 631.041(4) "does not prohibit actions against the Department of Insurance as receiver so long as they don't seek relief against the receivership assets," that it therefore "does not necessarily follow that the Department will have to be removed as a party," and that the issue, properly determined by the Leon County Circuit Court, "should not be prejudged in this appeal." This court's comment on the likely result of our decision does not dictate actions by either of the parties or by the trial court in the foreclosure action.
Seapine asserts that the appellants have filed a motion for judgment on the pleadings in the circuit court and have sought recall of the mandate in case no. 94-3641, which they characterize as "holding that venue was proper in Leon County." We note that this court's per curiam affirmance, without opinion, of the trial court's denial of the motion to dismiss in the foreclosure action was not a holding that venue was proper in Leon County, but was merely an affirmance of the trial court's rejection of the appellants' only challenge to venue in Leon County, which was *834 based upon the waiver of venue provision in the underlying note.
Seapine correctly notes that the "pending" appeal of the motion to dismiss in the Leon County foreclosure action referenced in this court's June 19, 1996, opinion was actually concluded in January 1996, "before this court's opinion was rendered." We note that this apparent oversight occurred in the wake of Chief Judge Earle Zehmer's untimely death.
The motion for rehearing filed by the Department of Insurance is DISMISSED as untimely. Seapine Corporation's motion for rehearing is DENIED, with the exception of deletion of the footnote reference in this court's opinion to the "pending" appeal of the denial of the motion to dismiss in the Leon County foreclosure action.
ERVIN and KAHN, JJ., concur.
NOTES
[1] We reject the assertion that appellants are bound by the terms of the prior order until it is overturned on appeal from a final order in the receivership action because they did not timely file an interlocutory appeal of the prior order. We note that appellants were not parties to the receivership action and have asserted they were not given a copy of Seapine's motion which resulted in the prior injunctive order. We find that this record does not demonstrate that appellants were served with a copy of the motion in compliance with the Florida Rules of Civil Procedure, or otherwise fully apprised of the relief being sought, including the discovery prohibitions.
[2] After the Dade County Circuit Court granted appellants' motion to dismiss Seapine's complaint against them, Seapine amended the complaint and appellants filed a motion to dismiss the amended complaint, whereupon Seapine filed a notice of voluntarily dismissal and then filed a similarly worded complaint in the Leon County Circuit Court. We note that there is now pending before this Court an appeal of the Leon County Circuit Court's denial of appellants' motion to dismiss on venue grounds, Case No. 94-3641.
[1] On August 12, 1991, the Department's petition in Leon County Circuit Court for an order of rehabilitation of, and to appoint a receiver for, GSLIC was granted. A consent order was issued appointing the Department as receiver "for Purposes of Rehabilitation, Injunction and Notice of Automatic Stay." Inter alia, it authorized the Department to take possession of all GSLIC's property, commence and maintain all necessary legal actions, and "[n]ot defend legal actions wherein Respondent or the Receiver is a party defendant, commenced either prior to or subsequent to this order, without authorization of this Court. Except, however, in actions where Respondent is a nominal party, ... and the action does not effect a claim against or adversely affect the assets of the Respondent, the Receiver may file appropriate pleadings in its discretion." The order also enjoined "all persons, firms, corporations and associations within the jurisdiction of this Court ... from the commencement or prosecution of any action against the Respondent, the Receiver, or the agents or employees of the Receiver in their representative capacities, or the obtaining of preferences, judgments, writs of attachment or garnishment or other liens ..." The Notice of Automatic Stay included in the consent order prohibited "all persons and entities, other than the Receiver," from "[t]he commencement or continuation of judicial, administrative or other action or proceeding against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding." On December 2, 1992, the court issued an order of "Liquidation, Injunction and Notice of Automatic Stay" which authorized the Department to "marshall and liquidate" GSLIC's assets. As in the prior order, it included "commence and maintain necessary legal actions" and "not defend legal actions" provisions, and enjoined "all persons, firms, corporations and associations within the jurisdiction of this Court ... from the commencement or prosecution of any actions against the Respondent or the Receiver." It also provided that title to all property, including all rights of action, of GSLIC are vested in the Department pursuant to sections 631.111 and 631.141, Florida Statutes.
[2] The appellants asserted on appeal that they did not receive a copy of that motion.
[3] A footnote outlined the Dade County foreclosure proceedings and noted the appeal in case no. 94-3641, which was pending at the time the opinion was originally drafted.