678 So.2d 508 (1996)
Michael J. PETER, Individually; M.J. Peter Club Management, Inc., a Delaware Corporation; 2650 Associates, Inc.; Doll House, Inc., a Florida Corporation; T.C.B., Inc., a Florida Corporation; Pure Platinum, Inc., a Florida Corporation; United Playhouses of Florida, Inc., a Florida Corporation; International Eateries of Palm Beach County, Inc.; Sunny Isles Food & Beverage, Inc.; M.J. Peter Chip-Ventures, Inc.; MLP & JCW, Inc.; Beverly Hills Talent Management, Inc., Appellants,
v.
SEAPINE CORPORATION, Appellee.
No. 94-3641.
District Court of Appeal of Florida, First District.
August 28, 1996.
Jacob J. Givner, of Rubin, Baum, Levin, Constant, Friedman & Bilzin, Miami, for Appellants.
Barry Richard, of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, for Appellee.

OPINION ON APPELLANTS' MOTION TO RECALL MANDATE OF THE DISTRICT COURT
PER CURIAM.
The appellants filed a motion seeking to vacate or recall our February 9, 1996, mandate and to direct the Leon County trial court to grant their motion to dismiss Circuit Court Case No. 94-3452 for lack of venue. The appellee, Seapine Corporation (Seapine), filed a response challenging jurisdiction and, alternatively, addressing the merits of the appellants' arguments. Having concluded that we have jurisdiction to consider the timely filed motion, we deny the motion on its merits based on the appellants' waiver of the issue presented on appeal.
The appellants' first threshold is jurisdictional. They filed the motion to recall mandate on Friday, June 28, 1996, within the same regular term of court during which we considered the appeal. See § 35.10, Fla.Stat. (1995) (designating the district court of appeal's two regular terms, commencing respectively on the second Tuesday in January and July). In its response to the motion, Seapine asserts as a blanket rule that we are empowered to recall our mandate only through the end of the term in which the mandate is issued, i.e., Monday, July 8, 1996. Relying on that argument, Seapine contends that after the first regular 1996 term ended, we lost jurisdiction to recall the mandate or to modify our original decision, despite the appellants' having filed their motion to recall mandate during the first term. We disagree. See Allen v. Brevard County Loan & Mortgage Co., 118 Fla. 446, 159 So. 524 (1935); Hewitt v. International Shoe Co., 115 Fla. 508, 155 So. 725 (1934).
In Hewitt, the challenged opinion was rendered by the Florida Supreme Court on May 11, 1934. The court's first 1934 term ended on June 11 and its second term began the next day. On June 11, 1934, counsel for the unsuccessful defendant mailed a petition to recall mandate that was not received and *509 filed by the clerk of the court until June 12, i.e., after the end of the term in which the judgment was rendered and the mandate issued. Because the petition was not "filed" ("actually received and `filed' by the clerk") during the term when the judgment was rendered, the court found that it did not have jurisdiction to consider it. Id. 155 So. at 725-26.
In Allen, the supreme court had issued its opinion on December 14, 1934, and the mandate issued on December 31, 1934. On January 5, 1935, an untimely motion for rehearing was filed and later was stricken. The court's second 1934 term of court ended on January 7, 1935, and the first 1935 term began the next day. On February 2, 1935, a motion for recall of mandate was filed. The court found that it did not have jurisdiction to consider the motion to recall mandate, and that the untimely motion for rehearing
was not sufficient to carry the case over from the last term to this term because at the time that petition was filed the mandate had been issued and lodged in the court below and the time for filing petition for rehearing had expired, thereby concluding the jurisdiction of this court over the cause for all purposes except recall of the mandate, which was not requested during the June, 1934, term.
Id. 159 So. at 524-25.
In the instant case, the appellants timely filed their motion with the clerk of the court during the same term as the challenged judgment and mandate. Accordingly, we conclude that Hewitt and Allen directly support our having jurisdiction to consider the motion to recall mandate. We note that State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla. 1981), upon which Seapine relies in its response to the motion, is clearly distinguishable from the case at bar. That case involved the filing of a motion for rehearing almost two months after the end of the term in which the district court affirmed the trial court's order and issued its mandate. After denying the untimely motion, the district court sua sponte reconsidered the case and reversed its prior ruling. Upon review, the supreme court declined to "view the jurisdictional powers of an appellate court as encompassing such a grandiose temporal spectrum." Id., 405 So.2d at 982. Cf. United Faculty of Florida, Local 1847 v. Board of Regents, State University System, 423 So.2d 429 (Fla. 1st DCA 1982), in which this court granted a joint motion to recall and modify mandate and for clarification, where the joint motion was filed during the same term as the opinion and mandate.
We now address the merits of the appellants' motion. The case at bar has a lengthy and circuitous history, much of which is set out in this court's opinion on motions for rehearing, In re Receivership of Guarantee Security Life Insurance Company, 678 So.2d 88 (Fla. 1st DCA Aug.28, 1996), which should be read in conjunction with this opinion. After Seapine had voluntarily dismissed its foreclosure action against them in Dade County and filed a nearly identical complaint in Leon County, the appellants filed a motion to dismiss the Leon County complaint, asserting, inter alia, that "the Department is the only proper plaintiff to advance the claims improperly sought to be asserted by Seapine" and that venue is proper only in the Dade County Circuit Court (or the federal court for the Southern District of Florida), based on a waiver of venue provision in the underlying note. After hearing argument of counsel, the Leon County court entered an order denying the motion to dismiss and ordering the appellants to file an answer. We granted appellate review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A) (allowing review of nonfinal order "concerning venue"). The order denying the appellants' motion to dismiss was affirmed per curiam on January 24, 1996, and the mandate was issued on February 9.
In their motion to recall mandate, the appellants argue that this court's original opinion in Case No. 95-2416, In re Receivership of Guarantee Security Life Insurance Company, 678 So.2d 828 (Fla. 1st DCA 1996), "expressly negates the premise for ... Seapine[`s]... choice of venue in Leon County," which was based on section 47.021, Florida Statutes, and that "[b]ecause the Department *510 is not, and never was, properly named as a defendant (as the Opinion holds), venue in the Action does not and never did lie in Leon County." Our review of the appellants' motion to dismiss indicates that they failed to argue in the Leon County Circuit Court, and thereby waived, what is expressly asserted on appeal as a basis for reversal. Accordingly, we conclude that it would be improper to reverse the trial court's ruling denying the appellants' motion to dismiss.
The MOTION to recall mandate is DENIED on the merits.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.