PER CURIAM.
Petitioners seek a writ of certiorari quashing the lower court’s order which granted Respondent’s motion to determine four subpoenas as null and void and seeking a protective order enjoining the issuance of further subpoenas. Because we *1141 find the lower court’s order was issued erroneously, we grant the writ.
In order to obtain a writ of certio-rari, a petitioner must establish that the trial court departed from the essential requirements of law which caused a material injury and which cannot be corrected through any other means. State Farm Mut. Auto. Ins. Co. v. O’Hearn, 975 So.2d 633, 635 (Fla. 2d DCA 2008).
The instant case arises from a non-final order which granted Respondent’s “Expedited Petition for Instructions, Motion to Determine Subpoenas are Null and Void, and/or Motion for Protective Order.” The petition was filed in Leon County Circuit Court in response to four identical non-party subpoenas duces tecum issued in four pending Broward County Court actions. The subpoenas were directed to the Florida Department of Financial Services, as receiver of Cumberland Casualty & Surety Company, neither of which are parties to the Broward County suits. As a result, Respondent filed its petition in Leon County Circuit Court, the court overseeing the receivership of Cumberland Casualty & Surety Company. However, a receivership court has no authority to prohibit service of discovery on the receiver. In re Receivership of Guarantee Sec. Life Ins. Co., 678 So.2d 828, 830 (Fla. 1st DCA 1996). Further, Respondent could have sought a protective order in the Broward County court where the action associated with the subpoenas is pending. Fla. R. Civ. P. 1.280(c). In addition, the trial court’s error has caused irreparable harm, as Petitioners will be denied discovery, and the denial of such discovery is not reviewable on direct appeal. See Office of the Attorney Gen. v. Millennium Commc’ns & Fulfillment, Inc., 800 So.2d 255, 257 (Fla. 3d DCA 2001) (granting petition for writ of certio-rari to review trial court’s protective order preventing petitioner from obtaining discovery, where injury to petitioner caused by order was irreparable because, after final judgment, “there would be no practical way to determine ... what the testimony would be or how it would affect the result”).
Accordingly, because the trial court departed from the essential requirements of law, resulting in irreparable harm to Petitioners, we GRANT the petition for writ of certiorari and QUASH the lower court’s order.
LEWIS and THOMAS, JJ, and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.